IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DENNIS L. MAXBERRY,

                                  OPINION AND ORDER

          Plaintiff,

                                     13-cv-802-bbc

    v.

KELLER GRADUATE SCHOOL OF MANAGEMENT
as DEVRY UNIVERSITY,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Dennis Maxberry has filed a proposed complaint against defendant Keller Graduate School of Management. Plaintiff seeks leave to proceed in forma pauperis with his claims, and the court has already concluded that plaintiff may proceed without prepayment of the $350 filing fee. The next step is to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010).

      Fed. R. Civ. P. 8(a)(2) requires a complainant to make a *"short and plain* statement of the claim showing that the pleader is entitled to relief" (emphasis added). In addition, Fed. R. Civ. P. 8(d)(1) requires each averment of a complaint to be "simple, concise, and

1

direct." Plaintiff's complaint does not follow these rules; it comprises 31 pages of largely unintelligible assertions, raising several seemingly unrelated legal theories such as federal and Wisconsin privacy laws, copyright and trademark law and the Racketeer Influenced and Corrupt Organizations Act. Although plaintiff uses his complaint to set out long recitations of these theories, he does not explain with any clarity the *facts* underlying these theories. It is impossible to make out what defendant is alleged to have done, when they did it and how those actions violated his rights.

   Therefore, it will be necessary for him to file an amended complaint that conforms to the rules before I can screen the complaint pursuant to 28 U.S.C. § 1915. Plaintiff should draft the amended complaint as if he were telling a story to people who know nothing about his situation. Plaintiff should identify clearly the facts that form the basis for his claims (not just the legal theories) against defendants and should set forth his allegations in separate, numbered paragraphs using short and plain statements.

   Plaintiff may have until February 10, 2014 to submit an amended complaint. If he does not submit his amendment by this deadline, I will direct the clerk of court to enter judgment in favor of defendant and close the case.

   Finally, I note that plaintiff has filed a document titled "motion for leave to file copies of evidence" in which he has submitted assorted documents, mostly court documents from his other civil and criminal cases. I will deny the motion as unnecessary because the court will docket the documents he has submitted. He should know, however, that the court will not consider these documents because none of the documents shed any light on the nature of his claims. As stated above, in order to proceed with this case, plaintiff will have to submit an

amended complaint in which he explains the facts underlying his claims.

ORDER

IT IS ORDERED that

1. Plaintiff Dennis Maxberry's complaint is DISMISSED for failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until February 10, 2014 to submit an amended complaint. If plaintiff fails to do so by this deadline, I will direct the clerk of court to enter judgment in favor of defendant.

2. Plaintiff's "motion for leave to file copies of evidence," dkt. #6, is denied as unnecessary.

Entered this 27th day of January, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge